UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DONALD WILLIAM DEL CORE, SR., :
and MARGHERITA MARY DEL CORE, :   3:12cv1346(WWE)
    Plaintiff, :
     :
v. :
     :
TOWN OF MONTVILLE, LEONARD :
BUNNELL, JOSEPH JASKIEWICZ, :
RONALD MCDANIEL, LUCKY BEIT, :
and JOAN ZUJUS, :
    Defendant. :

### *MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS*

In this action, plaintiffs, Donald William Del Core Sr. and Margherita Mary Del Core, allege that the Town of Montville, through its employees, conspired to extort taxes from the plaintiffs in violation of 42 U.S.C. § 1983, invaded their privacy by unreasonable intrusion into their lives, intentionally inflicted emotional distress, and unreasonably searched and seized their property without a warrant.

Defendants filed a motion for judgment on the pleadings. For the following reasons, the motion for judgment on the pleadings will be granted.

### *BACKGROUND*

As on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court accepts all allegations of the operative complaint as true for purposes of ruling on a motion pursuant to Fed.R.Civ.P. 12(c).

The plaintiffs are residents of Venice, Florida and own real estate in Montville, Connecticut.

The defendant Town of Montville is a municipality in the State of Connecticut. The defendant Leonard Bunnell is a Lieutenant in the Montville Police Department. The defendant Joseph Jaskiewicz is a former Mayor of Montville. The defendant Ronald McDaniel is the current Mayor of Montville. The defendant Lucy Beit is the Assessor of the Town of Montville. The defendant Joan P. Zujus is the Montville Tax Collector. The defendants Bunnell, Jaskiewicz, McDaniel, Beit, and Zujus are all sued in their individual capacities.

The plaintiffs own one car, a 2007 Ford, that was purchased in the State of Florida in 2007 and has always been registered there and claim it has never been in the State of Connecticut for a continuous period as long as 90 days. The plaintiffs formerly owned another car, a 2001 Ford, that was registered in the State of Florida in 2008 and claim it has never been in the State of Connecticut for a continuous period as long as 90 days.

On or about November 15, 2009, Lieutenant Bunnell accessed a police database and obtained information about the plaintiffs' cars. After obtaining the information Lieutenant Bunnell gave it to defendants McDaniel, Beit, and Zujus.

The defendants used that information to allegedly extort money from the plaintiffs, in taxes, thus invading their privacy and causing the plaintiffs emotional harm.

On December 15, 2009, the defendant Zujus sent the plaintiffs a "Tax Collector's Demand Notice" demanding that they pay tax on the aforementioned vehicles in the amount of $456.68.

On September 8, 2012, the defendant Zujus sent the plaintiffs a "Tax Collector's Demand Notice" " demanding that they pay tax on the aforementioned vehicles in the amount of $1,518.56.

The above-mentioned actions were undertaken pursuant to an alleged plan or scheme to increase municipal tax revenues during the time that defendant Jaskiewicz was the Mayor of Montville.

## DISCUSSION

The "standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim." Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001).  The Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader.  Hishon v. King, 467 U.S. 69, 73 (1984).  The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  A plaintiff is obliged to amplify a claim with some factual allegations to allow the court to draw the reasonable inference that the defendant is liable for the alleged conduct.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

*Fourth Amendment Claim*

Plaintiffs claim that the defendants violated their Fourth Amendment right to unreasonable search and seizure when Lieutenant Bunnell accessed a police database and obtained information about the plaintiffs' cars.

Whether there exists a reasonable expectation of privacy that the Fourth Amendment will protect is determined by considering whether: (1) there has been a subjective expectation exhibited, and (2) the expectation is one society will recognize as reasonable. Smith v Maryland, 442 U.S. 735 (1979)

Under this analysis, since the information is of public record available for request on the State of Florida Department of Motor Vehicles website, there is no subjective expectation exhibited.  Accordingly Lieutenant Bunnell was acting within his capacity as Lieutenant in the Montville Police Department under 18 U.S.C. 2721, known as the Driver's Privacy Protection Act that allows for the release of information for the use of any government agency.  Additionally, the Supreme Court has held that there is no expectation of privacy in the Vehicle Identification Number of a vehicle.  New York v. Class, 475 U.S. 106, 113 (1986).

Plaintiff has failed to plead a plausible Fourth Amendment violation. Accordingly, the Court will grant the motion to dismiss on all claims against the defendants based on such alleged violation.

*Intentional Infliction of Emotional Harm*

Plaintiffs claim that the defendants intentionally inflicted emotional harm by illegally spying on the plaintiffs, illegally accessing their private data, and then using that for the purpose of extorting property tax payments from the plaintiffs and that those actions were "extreme and outrageous."

The tort of intentional infliction of emotional distress has been recognized in Connecticut. For the plaintiff to prevail in a case alleging the intentional

infliction of emotional distress, four elements must be established. It must be shown: (1) that the actor intended to inflict emotional distress; or that he knew or should have known that emotional distress was a likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe. Peytan v. Ellis, 510 A.2d 1337 (Conn. 1986).

"[L]iability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Appleton v. Bd. of Educ. of Town of Stonington, 757 A.2d 1059 (Conn. 2000).

The plaintiffs have pled no facts in their Complaint to show that the defendants intended to inflict emotional distress or that they knew or should have known that emotional distress was a likely result of their conduct nor have they shown that the conduct was so outrageous and extreme beyond the means of collecting taxes.  The case of Johnson v. Teamsters Local 559, 102 F.3d 21 (1st Cir. 1996) cited by the plaintiffs is distinguishable from the present case in that no racial slurs were made towards the plaintiffs, no slave songs were sung to the plaintiffs, nor were any objects thrown at the plaintiffs.  Additionally in the present case there is nothing in the pleadings to suggest that the level of "extreme and outrageous conduct" compares to the level of *Johnson* where a union officer

drove by the plaintiff's house 30 times a day and followed the plaintiff in that case.

### *Conspiracy*

The plaintiffs claim that the defendants acted jointly and in concert with each other to extort taxes from the plaintiffs. As the Court has found no underlying violation of the Fourth Amendment or wrongdoing, the Court will dismiss this claim.

### *State Common Law Invasion of Privacy*

The plaintiffs claim that the defendants invaded their privacy by unreasonably intruding upon the seclusion of the plaintiffs, thereby invading their privacy in violation of Connecticut common law.

"[O]ne who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person." Anderson v. Drapp, 2003 WL 22205645, *2 (Conn. Super. Ct. 2003).

In the present case, the information collected by Lieutenant Bunnell is that of public record in the State of Florida. There was no intrusion upon the solitude or seclusion of the plaintiffs because of the public accessibility of license plate numbers, Vehicle Identification Numbers, and registration information on the State of Florida Department of Motor Vehicles' website.

The plaintiffs fail to allege beyond a conclusory statement that the Town of Montville, Joseph Jaskiewicz, Ronald McDaniel, and Lucy Beit were personally involved in any of the claims. The plaintiff's allegations against defendants Lieutenant Bunnell and Zujus are more than conclusory statements but as mentioned above, those claims will be dismissed.

### CONCLUSION

For the foregoing reasons, defendants' motion for judgment on the pleadings is GRANTED. The Clerk is instructed to close this case.

Dated this _11th_ day of June 2013 at Bridgeport, Connecticut.

_____/s/_____
Warren W. Eginton
Senior United States District Judge